BURR·FORMAN MCNAIR

Wm. Grayson Lambert
glambert@burr.com
Direct Dial: (803) 753-3261
Direct Fax: (803) 933-1446

Burr & Forman LLP
1221 Main Street
Suite 1800
Columbia, SC 29201

Mailing Address:
Post Office Box 11390
Columbia, SC 29211

*Office* 803.799.9800
*Fax* 803.753.3278

BURR.COM

October 6, 2020

**VIA CM/ECF**

The Honorable Mary Geiger Lewis
United States District Judge
District of South Carolina
901 Richland Street
Columbia, SC 29201

Re:     *South Carolina Progressive Network Education Fund v. Andino*, No. 3:20-cv-3503-MGL (D.S.C.)

Dear Judge Lewis:

Last night, the United States Supreme Court—without dissent—granted the emergency application to stay the injunction prohibiting election officials from enforcing the Witness Requirement found in S.C. Code Ann. § 7-15-380. *See Andino v. Middleton*, No. 20A55 (U.S. Oct. 5, 2020). That order is enclosed with this letter.

In a concurring opinion, Justice Kavanaugh explained the "two alternative and independent reasons" that warranted a stay. *First*, "the Constitution principally entrusts the safety and health of the people to the politically accountable officials of the States." *Id.* at 1-2 (internal quotation mark omitted). These officials have "especially broad" authority to act "in areas fraught with medical and scientific uncertainties." *Id.* at 2. Federal courts should not "second-guess[]" officials' decisions in these areas. *Id.* When the district court enjoined the Witness Requirement, it "contravened that principle." *Id.*

*Second*, the Supreme Court "has repeatedly emphasized that federal courts ordinarily should not alter state election rules in the period close to an election." *Id.* The district court's injunction "defied that principle and [the Supreme] Court's precedents." *Id.*

Here, both of these reasons support denying the motion for a temporary restraining order and preliminary injunction. As to deference to elected officials, the General Assembly made certain changes to the State Election Law ahead of this November's general election due to COVID-19.

The Honorable Mary Geiger Lewis
October 6, 2020
Page 2

---

*See* R.149, 2020 S.C. Acts No. 143. The General Assembly did *not* choose to change the registration deadline. This Court should not second-guess that decision.

And as to *Purcell*, the Plaintiff here waited until the last moment to file this lawsuit. They cite, in a supplemental letter filed this morning, a district court case from Arizona that strained to distinguish *Purcell* and change election rules. (Notably, that court issued its order after the Supreme Court's order in *Middleton* was released, but the Arizona court never referenced *Middleton*.) Whatever another district court may have done, Justice Kavanaugh reminded lower courts—once again—that they "should not alter state election rules in the period close to an election." The distinction the Plaintiff offers on *Purcell* is unavailing. The registration deadline may not impact the process a voter uses to cast a ballot once that voter is registered, but the registration deadline is an *election rule*. *See* S.C. Code Ann. §§ 7-5-110, 7-5-150, 7-5-155, 7-5-185. The Supreme Court has never drawn so fine a line as the Plaintiff asks this Court to draw.

The Court should deny the motion for a temporary restraining order and preliminary injunction.

Respectfully submitted,

Wm. Grayson Lambert

Enclosure

44317468 v1