# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA PROGRESSIVE NETWORK EDUCATION FUND,<br><br>Plaintiff,<br><br>v.<br><br>MARCI ANDINO, in her official capacity as Executive Director of the South Carolina State Election Commission; JOHN WELLS, in his official capacity as Chair of the South Carolina State Election Commission; and JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL and SCOTT MOSLEY, in their official capacities as members of the South Carolina State Election Commission,<br><br>Defendants. | Case No. 3:20-cv-03503-MGL |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE BY PRESIDENT PEELER AND SPEAKER LUCAS

Plaintiff opposes the intervention motion by Harvey Peeler, in his capacity as President of the South Carolina Senate, and James H. ("Jay") Lucas, in his capacity as Speaker of the South Carolina House of Representatives ("Proposed Intervenors"). ECF No. 29 ("MTI"). Proposed Intervenors certainly have sufficient interest to submit an amicus brief to this Court, expressing their position on this dispute, but they have not satisfied the requirements of Federal Rule of Civil Procedure 24. Their intervention would be duplicative of Defendants' briefing in this case and would inhibit the sound administration of this case, which is proceeding on an emergency basis before the Court. Plaintiff would not oppose Proposed Intervenors submitting

1

an amicus curiae brief (and proposed as much to Proposed Intervenors' counsel), but intervention is not warranted.[1]

To intervene as of right pursuant to Rule 24(a)(2), Proposed Intervenors "'must show that (1) [they] ha[ve] an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the [their] ability to protect that interest, and (3) that interest is not adequately represented by the existing parties.'" *N. Carolina State Conference of NAACP v. Berger*, 970 F.3d 489, 502 (4th Cir. 2020) (quoting *Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n,* 646 F.2d 117, 120 (4th Cir. 1981)).[2]

As an initial matter, it is important to recognize that Plaintiff is *not* bringing a facial challenge to any South Carolina statute, nor is it claiming that the South Carolina legislature, by passing S.C. Code Ann. § 7-5-150, acted unconstitutionally. *See* Plaintiff's Motion for Preliminary Injunction and a Temporary Restraining Order, Dkt. No. 2 ("Plt's MOL"), at 4 ("The Cutoffs are unconstitutional as applied under these circumstances and can be extended until at least October 19 without causing more than a *de minimis* administrative inconvenience to the state."). This is not a challenge to the General Assembly's "policy judgments" nor an "invitation[] to rewrite the South Carolina Election Code through litigation." MTI, at 5.

---

[1] Proposed Intervenors did not contact Plaintiff's counsel prior to filing their motion, contrary to Local Rule 7.02. Upon receiving notice via ECF that this motion had been filed, Plaintiff's counsel contacted Proposed Intervenors' counsel proposing that Plaintiff would consent to the filing of an amicus brief, but not status as intervenors. Proposed Intervenors' rejected the proposal.

[2] Plaintiff notes that Rule 24(c) requires that "[t]he motion must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Proposed Intervenors did not accompany their motion with such a proposed pleading, or even an accompanying affidavit, thereby giving independent grounds for this Court to deny intervention. *Cf. Spring Const. Co. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980) (court may overlook "non-prejudicial technical defects" where the intervenors filed an accompanying affidavit with their motion and filed an accompanying pleading shortly thereafter).

The South Carolina legislature, no doubt, is imbued with the authority to promulgate the election laws, but South Carolina law delegates the authority to enforce the specific laws at issue here to the Executive Director of the Commission, who is a defendant in this action. S.C. Code Ann. § 7-3-20(C). And, contrary to Proposed Intervenors' claim that the "deadline for voters to register in advance of an election, are political, not legal, questions," MTI, at 4, the question of whether a statute as applied is unconstitutional is unquestionably a legal issue, *see Marbury v. Madison*, 5 U.S. 137, 178 (1803) ("the constitution is superior to any ordinary act of the legislature; the constitution, and not such ordinary act, must govern the case to which they both apply").[3]

Especially in light of the fact that the party imbued with the authority to enforce the complained-of provision of South Carolina law is a defendant in this action, Proposed Intervenors' interests are neither at risk of being "practically impair[ed] [n]or impede[d]," nor are they at risk of being "[in]adequately represented by the existing parties." *Berger*, 970 F.3d at 502. Notably, Proposed Intervenors do not appear to raise even a *single* issue of fact or law that Defendants have not already addressed in their opposition papers. *Compare* MTI, at 3-4 (separation of powers); 7-8 (untimeliness of Complaint); 8 (*Purcell* doctrine); 8 (lack of standing); 8 (state interests) *with* Defendants' Opposition to Plaintiff's Motion, Dkt. No. 23 ("Defs' MOL"), at 4-7 (standing); 7-8 (*Purcell* doctrine); 11-13 (state interests); 13-14 (untimeliness of Complaint); 15 (separation of powers). Proposed Intervenors' identity of interests with Defendants is thus plain on the face of their motion papers. There is no "*practical*

---

[3] Plaintiff did not see the need to address this fundamental point concerning the supremacy of federal law, *see* Const. art. VI, sec. 2 (Supremacy Clause), when raised by Defendants in their opposition to Plaintiff's motion, *see* Dkt. No. 23 at 15, but its reemergence in Proposed Intervenors' papers only underlines the commonality of their interests.

disadvantage or impediment" to them if intervention is denied. *Berger*, 970 F.3d at 504 (emphasis in original).

Finally, the Proposed Intervenors have not suggested why Defendants cannot adequately represent their interests in this matter. Proposed Intervenors and Defendants have the same avowed goal—to enforce the Voter Registration Cutoffs—thus, the *Westinghouse* presumption of adequacy of representation applies. The "proposed intervenor must establish one of three factors—adversity of interest, collusion or nonfeasance—to overcome this presumption and meet the inadequacy requirement." *Id.* at 505 (citing *Commonwealth of Virginia v. Westinghouse* 542 F.2d 214, 216 (4th Cir. 1976)). There is no basis to conclude—and the Proposed Intervenors do not suggest otherwise—that Defendants are colluding with Plaintiff, are not adverse to Plaintiff, or are not vigorously defending this lawsuit. Indeed, Defendants and Proposed Intervenors were all co-petitioners to the Supreme Court in *Middleton v. Andino*, and were represented together by the very same counsel representing Defendants in this action. *See* Application for a Stay (20A55), *Marci Andino et al. v. Kylon Middleton, et al.* (Oct. 1, 2020).

The sole suggestion of a mismatch of interest between Proposed Intervenors and Defendants is in a throwaway line that "the core of the Plaintiffs' case is based on alleged remarks and past conduct by the existing defendants that, in the Plaintiffs' view, provide a basis for the Court to accept the Plaintiffs' invitation to rewrite South Carolina's election law for purposes of the upcoming election." MTI, at 5. Proposed Intervenors are presumably referring to the fact that Defendants—and, notably, the South Carolina Attorney General and the state courts of South Carolina—have admitted that there is no practical impediment to extending the registration deadline. *See* Plt's MOL, at 22-25. Yet whether the Commission can, as a matter of practical reality, extend the registration deadline is a *factual* issue, not a legal position. The

Proposed Intervenors' intervention would not change that reality or any effects it may have. To the extent they have legal arguments to make, or atmospheric objections to Plaintiff's claimed relief to raise, the very same statute they cite—the 2019–20 Appropriations Act § 91.26—provides them with the authority to "file an amicus brief," an option Plaintiff has offered to consent to, but Proposed Intervenors have refused.

Allowing Proposed Intervenors to file an amicus brief instead of intervention would also be superior to allowing their permissive intervention under Federal Rule of Civil Procedure 24(1)(B), for many of the same reasons. There would be no prejudice to Proposed Intervenors if they were to be denied intervention but offered an opportunity to submit an amicus brief instead. And, given the emergency nature of this action and the extremely short time period available, granting permissive intervention has the potential to unnecessarily and prejudicially delay the issuance of an order. Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (affirming denial of permissive intervention where "permitting intervention would likely 'result in undue delay in adjudication of the merits, without a corresponding benefit to existing litigants, the courts, or the process' because 'the existing [d]efendants are zealously pursuing the same ultimate objectives'") (quotation from district court; alterations in original).

*     *     *

Plaintiff respectfully requests that the Proposed Intervenors' Motion to Intervene be denied.

Dated: Columbia, SC
        October 6, 2020

| | |
|---|---|
| **BURNETTE SHUTT MCDANIEL** | **EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP** |
| By:    s/Jack E. Cohoon | Matthew D. Brinckerhoff* |
| Jack E. Cohoon (Fed. ID No. 9995) | Jonathan S. Abady* |
| 912 Lady Street, 2nd Floor | Debra L. Greenberger** |
| P.O. Box 1929 | Ananda V. Burra* |
| Columbia, South Carolina 29202 | 600 Fifth Avenue, 10th Floor |
| P: (803) 850-0912 | New York, New York 10020 |
| F: (803) 904-7910 | P: (212) 763-5000 |
| jcohoon@burnetteshutt.law | F: (212) 763-5001 |
| | mbrinckerhoff@ecbawm.com |
| | jabady@ecbawm.com |
| | dgreenberger@ecbawm.com |
| | aburra@ecbawm.com |

**FREE SPEECH FOR PEOPLE**

John Bonifaz***
Gillian Cassell-Stiga**
Ben Clements**
Ronald Fein**
1320 Centre Street, Suite 405
Newton, Massachusetts 02459
(617) 249-3015
jbonifaz@freespeechforpeople.org
gillian@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

*Attorneys for Plaintiff*

*\*Admitted pro hac vice*
*\*\*Motions for admission pro hac vice pending*
*\*\*\*Motions for admission pro hac vice forthcoming*